## GEORGE K. CRANSTON *vs.* EDWARD CRANE.

In order to execute a power of sale in a mortgage of real estate which provides that on breach of the condition " it shall be lawful for the mortgagee to enter into and upon the premises and sell and dispose of the same and all benefit and equity of redemption of the mortgagor therein, at public auction, such sale to be upon the premises granted, first giving notice of the time and place of sale," it is not necessary for the mortgagee to enter upon the premises at any other time or in any other manner than at the time of the sale and for the purposes thereof; and the entry upon the premises, the giving of the notice, and the conduct of the sale, are acts which the mortgagee may execute through others, whose authority therefor need not be under seal or in writing.

A power of sale in a mortgage of real estate which authorizes the mortgagee " to make, execute and deliver to the purchaser all necessary conveyances for the purpose of vesting in him the premises sold, in fee simple absolute," may be executed by the deed of the mortgagee reciting the power and signed and sealed with her own name and seal; and, if she is a married woman, it is not necessary for her husband to join in the conveyance or consent thereto in writing, under Gen. Sts. *c.* 108, § 3.

If mortgaged real estate is duly sold and conveyed to the purchaser under a power of sale contained in the mortgage, which authorized the mortgagee, upon breach of the condition, " to sell the premises and all benefit and equity of redemption of the mortgagor therein," " and to execute and deliver all necessary conveyances for the purpose of vesting in the purchaser the premises sold, in fee simple absolute; " and if the mortgagor has not obtained a decree in equity to restore him to the legal right of possession which he forfeited by breach of the condition in failing to pay interest on the stipulated day; it is no defence to a writ of entry brought against the mortgagor by such purchaser for possession of the premises, that he purchased the same with notice that after the breach but before the sale the mortgagor tendered to the mortgagee the amount of the interest in default, with interest thereon to the date of the tender and with full compensation for all expenses and trouble incurred in preparing to execute the power of sale.

WRIT OF ENTRY. Plea, *nul disseisin.* The case came before this court on appeal from a judgment for the tenant rendered in the superior court on an agreed statement of facts the material parts of which were as follows:

On June 1, 1864, the tenant, being seised and possessed of the demanded premises, situated in Dedham, executed a deed

*Overruled by this court.*

*C. A. Reed,* for the defendant.

*A. W. Boardman,* for the plaintiff.

of mortgage with power of sale of them, for five thousand dollars, payable in five years, with interest payable semi-annually, to Irene G. Cranston, wife of Barzillai Cranston of Providence in Rhode Island. His deed provided that "if default shall be made in the payment of said money and interest, or either of them, or any part thereof respectively," "it shall be lawful for the said grantee, her executors, administrators and assigns, to enter into and upon said premises, and to sell and dispose of the same, and all benefit and equity of redemption of the said Edward Crane, his heirs, executors, administrators or assigns therein, at public auction, such sale to be upon the premises hereby granted, first giving notice of the time and place of sale," "and to make, execute and deliver to the purchaser or purchasers thereof all necessary conveyances for the purpose of vesting in such purchaser or purchasers the premises so sold in fee simple absolute, and out of the purchase money to pay, satisfy and discharge all the expenses of and incident to said sale, and also the principal and interest money hereby secured," "and to pay the residue of said purchase money unto the said grantor, his heirs, executors, administrators or assigns," "which sale so to be made shall forever be a perpetual bar, both in law and equity, against the said grantor, his heirs and assigns;" and "that, until default as aforesaid contrary to the true intent and meaning of these presents, it shall be lawful for the said grantor, his heirs and assigns, quietly to hold and enjoy said premises, and receive and take the rents and profits thereof for his and their own use and benefit, without any interruption by the said grantee, her heirs or assigns."

Default was made by the mortgagor in the payment of the interest which was due and payable on June 1, 1866; and the condition of the mortgage so was broken. The mortgagee thereupon caused notice to be duly given that the premises would be sold at public auction on July 31, 1866, at two o'clock after noon, on the premises. On that day, between ten and eleven o'clock before noon, an agent of the mortgagor went to Dedham and there found Barzillai Cranston, the husband of the mortgagee, whom she had authorized orally, but not in writing

to represent her at the sale, and who was there acting in her be-
half.   To him the agent, in behalf of the mortgagor, offered to
pay the interest which was in default, with interest upon such
interest from the time it became due, and to pay for all expenses
and trouble in relation to the sale ; but he refused to accept this
offer and claimed the entire mortgage debt, and contended that
the breach could not be remedied.   The agent finally tendered
to him in money the amount of interest which was overdue, and
offered to pay also for all expenses and trouble, if he would tell
what was the amount required therefor; and, upon his saying
that he could not tell the amount, the agent offered to enter into
an agreement in writing to pay it as soon as it could be ascer-
tained.   But he declined to do anything then, and said that he
wished to see his son, Henry Cranston, before deciding; that he
understood the offer to be of full payment of the interest due
and cost and trouble, but he did not think he was under any
obligation to accept it; that a breach had occurred, and he
thought it was at the option of the mortgagee whether it should
be cured.

At two o'clock after noon the agent, in behalf of the mort-
gagor, went to the place. of sale, and there found Barzillai Cran-
ston and his son Henry, and the auctioneer and three or four
other persons assembled.   The sale not having commenced, the
agent stated to Mr. Cranston and his son and the rest of the
company, that he stood ready to pay all interest due, and for all
cost and trouble; and that when, in behalf of the mortgagor, he
stood ready then and there to do so, he considered that there
was no breach and that they had no authority to sell the prem-
ises.   But the son said, " Put them up; I will bid on them."
And then, after consultation with his son, Mr. Cranston stated
to the company that there seemed to be some question about
the matter ; that he contended that there was a breach and he
had a right to sell the premises; that the agent contended that
such a tender as he had made cured the breach; but that, as
they had gone so far, they would go on and make the sale, with
the understanding that it should go for nothing if, under the cir-
cumstances, they had not a right to sell.   The premises were

accordingly put up at auction, and Henry Cranston bid fifty-three hundred dollars for them, and no other bid was made until Barzillai Cranston induced one of the company to bid fifty-three hundred and twenty-five dollars, and then the son bid fifty-three hundred and fifty dollars, and the premises were sold on this bid, he stating that the sale was made to George K. Cranston, the demandant in this action, who resided at Providence.

No other entry was made on the premises by the mortgagee except by the entry of her husband thereon at the time and for the purpose of the sale. On August 28, the mortgagee received from George K. Cranston the full amount of the purchase money; and on receipt thereof she executed and delivered to him in her own name and by her own signature and seal, and without the written consent of her husband or his joining therein, the deed of the premises by virtue of which he claimed title thereto in this action; and on the same day she executed an affidavit setting forth her acts in reference to the sale, which, together with a copy of the notice of the sale, was, on the day following, filed in the office of the Norfolk registry of deeds. Her deed to the demandant set forth substantially the provisions of the mortgage, and particularly of the power of sale therein contained, and alleged a sale in compliance with the terms of such power, and purported to be made "pursuant to and by force and virtue and in exercise and execution of the power or authority to me, the said Irene G. Cranston, for this purpose given or limited by the hereinbefore in part recited mortgage, and of every or any other power or authority in any wise enabling me in this behalf."

The tenant continued in possession of the premises, claiming an estate of freehold therein, notwithstanding the sale and the subsequent proceedings; and it was agreed that in event of a final judgment against him, the case should be sent to an auditor to determine the amount of rents and profits received by him since his disseisin of the demandant.

*T. L. Wakefield,* for the demandant.

*W. Colburn,* for the tenant. The questions in this case are to be determined by the laws of this state. *Goddard* v. *Sawyer,* 9

Allen, 78. All the provisions of the power of sale must be strictly complied with. *Smith* v. *Provin*, 4 Allen, 516. Gen. Sts. *c.* 140, § 43. It having provided that, in case of breach of condition, the mortgagee might enter "into and upon said premises and sell," a previous entry was necessary. *Roarty* v. *Mitchell*, 7 Gray, 243. The fee remained in the mortgagor until entry for condition broken; especially under this mortgage, which provided that the mortgagor should retain possession until condition broken. *Goodwin* v. *Richardson*, 11 Mass. 474. *Steel* v. *Steel*, 4 Allen, 417. The tender before entry of the amount due was sufficient to prevent a valid sale, the purchaser having full knowledge. Gen. Sts. *c.* 140, §§ 13, 14, 16. *Montague* v. *Dawes*, 12 Allen, 397. *Jackson* v. *Crafts*, 18 Johns. 110. *Willard* v. *Harvey*, 5 N. H. 252. *Cameron* v. *Irwin*, 5 Hill, 272. The mortgagee could not convey without the written consent of her husband or his joining in the deed. Gen. Sts. *c.* 108, § 3. 2 Kent Com. (6th ed.) 151. *Powell* v. *Monson Manufacturing Co.* 3 Mason, 347. *Concord Bank* v. *Bellis*, 10 Cush. 276. *Page* v. *Page*, 6 Cush. 196. The contingency upon which the sale was made, and the collusion between the husband of the mortgagee and his son, would invalidate the sale. *Howard* v. *Ames*, 3 Met. 308. If the deed can be held as an assignment of the mortgage, the plaintiff cannot recover, as there is no declaration of seisin in mortgage. *Roarty* v. *Mitchell, ubi supra.* The mortgagee could not delegate her authority to her husband to manage the sale, especially by parol. Story on Agency, §§ 13, 14.

WELLS, J. Several objections are made to the sufficiency of the proceedings by which the power of sale, contained in the mortgage from the defendant to Irene G. Cranston, was executed by the mortgagee. To effect a valid sale under a power, all the directions of the power must be complied with.

The principal objection in this case is that the donee of the power executed the deed to the purchaser by her own signature and seal. When the power merely authorizes the donee to execute a deed in the name of the donor, or as his attorney, it must be so executed; and the deed of sale will then be the deed of the donor of the power and not of the donee. But a power

may be given to be executed by the deed of the donee, as well as it may by his will. This was formerly the more common mode. 1 Sugden on Powers, (7th ed.) 286. When such is the case, the deed of sale not only may, but must, be executed under the hand and seal of the donee of the power. If the power be given in the alternative, as is often the case, the deed of sale may be executed in either form. In the present case the power is " to make, execute and deliver to the purchaser or purchasers thereof all necessary conveyances for the purpose of vesting in such purchaser or purchasers the premises so sold in fee simple absolute." This is not a mere power of attorney to execute a deed in the name of the mortgagor; though the deed might not perhaps have been invalid if it had been executed in that manner; but it is a full power of sale and conveyance, which may properly be executed, as it was in this case, by the deed of the mortgagee, reciting the power, and signed and sealed with her own name and proper seal. No share in the authority to be exercised, and no interest in the estate, under such a mortgage and power, vests in the husband. She does not require his signature nor his assent to enable her to execute the power or to part with her rights under the mortgage. It is not her real property that is conveyed. *Heath* v. *Withington*, 6 Cush. 497. 4 Kent Com. (6th ed.) 325. The entry authorized by the power is for the purpose of the sale only, and to enable the sale to be made upon the premises, as is required by the terms of the power. It is not necessary that such entry should precede the giving of the notices of sale; nor that it should be formally made at any other time or in any other manner than at the time of the sale and for the purposes of the sale.

As the sale is required to be by public auction upon the premises, there is not the same degree of personal confidence implied, in regard to the conduct of the proceedings, as might otherwise be the case. We are of opinion that the giving of the notices, the entry upon the land, and the conduct of the auction were all matters which the mortgagee might properly employ others to do, under her direction; and that it did not require authority under seal for these purposes.

Cranston *v.* Crane.

The remaining question is whether the tender of the amount due and payable upon the mortgage operated to defeat the right to sell under the power, so that the purchaser could take no title. If made at the time stipulated in the condition of the mortgage, it would certainly have that effect, because no right to sell could arise until after a breach, and an attempt to sell would be a mere nullity. But upon a breach of condition the right to sell attached at once; and, as it was a power coupled with an interest, it could not be revoked. Redemption after breach is an equitable right. No remedy is given at law. If a tender be made and not accepted, the mortgagor " may recover the premises by a suit in equity for redemption." Gen. Sts. *c.* 140, § 16. This applies to a tender made " before as well as after an entry for breach of the condition." The tender is merely the foundation for the equitable remedy. If not accepted, it has no effect upon the legal estate. It does not prevent nor delay foreclosure, unless a suit to redeem is brought within a year afterwards. Gen. Sts. *c.* 140, § 17. The effect of the breach is not removed by a tender alone, but by the suit in equity to redeem which follows such tender. The sale under the power, therefore, so far as it operated to transfer the legal title and possession, could not be defeated by the tender. If the mortgagor take the precaution to charge the purchaser with notice of the tender, he may preserve his right to redeem against him. But it is still only a right to redeem, and that an equitable right merely, to be enforced as authorized by statute, by a suit in equity. Unless and until he can obtain a decree in a court of equity, restoring him to the legal right of possession which he has forfeited, he can neither maintain nor defend a writ of entry against any one claiming under the mortgage. In some cases the court will relieve against the forfeiture of an estate, in a suit at law to enforce the forfeiture after breach, by ordering a stay of proceedings upon full performance. The conditional judgment in an action to foreclose a mortgage is of this nature ; though it is now secured to the party by statute. But, when the parties have provided another mode by which a foreclosure may be effected without the necessity of such a suit, no such relief can be

afforded. The foreclosure is made complete by the sale. The purchaser brings his writ of entry, not to enforce the forfeiture, for he has taken no conditional estate, but upon his absolute title acquired from and after the foreclosure.

The court are all of opinion that this defence cannot be maintained at law. The judgment for the defendant rendered in the superior court must therefore be set aside. The demandant being entitled to judgment for possession, the case must go to an assessor for the determination of the amount of rents and profits, in accordance with the agreement of the parties.