## BENJAMIN VS. LOUGHBOROUGH'S Adm'r.

1. PARTIES.

   In a proceeding against the trustee in a trust mortgage, affecting the subject matter of the trust, the *cestui que trust* should be made a party, and for a failure to do so, leave should be given the plaintiff to amend, or the complaint should be dismissed without prejudice.

2. MORTGAGE: *Powers of sale, etc.*

   A power of sale contained in a mortgage is not suspended by a resort to the process of garnishment on the part of the creditor.

APPEAL from *Pulaski* Chancery Court.

Hon. W. I. WARWICK, Chancellor.

*Benjamin & Barnes*, for appellant.

*Rose*, for appellee.

HARRISON, J. :

On the 13th day of September, 1872, the appellant, Mason W. Benjamin, executed a deed of trust of certain lots in Little Rock to James M. Loughborough to secure the payment of a promissory note of $3,000, executed by him, at the same time, to James H. Morley, payable on the 13th day of September, 1873.

The deed empowered said Loughborough, in case the note was not paid at maturity, after giving notice in the manner therein prescribed, to sell the lots at public auction, for cash, for the payment thereof.

The note not being paid, Loughborough, on the 19th day of June, 1874, advertised the lots for sale on the 20th day of August thereafter. After the advertisement was made, Morley brought suit on the note in the Pulaski Circuit Court, and, by garnishment, attached a debt of equal or greater amount than the note, which the Cairo and Fulton Railroad Company owed Benjamin.

Benjamin brought this suit against Loughborough to enjoin the sale of the lots, upon the assumed ground that the attachment of the railroad company's debt to him was, until the same

Benjamin vs. Loughborough's Adm'r.

was discharged or disposed of, a satisfaction of the note, and suspended the power of the trustee to sell, and a preliminary injunction was granted by the chancellor.

The defendant filed a demurrer to the complaint, which the court sustained, and thereupon dismissed the complaint.

Since the appeal was taken Loughborough has died, and the cause has been revived here against Thomas Essex, his administrator.

The very obvious defect in the complaint, that Morley, the *cestui que trust* in the deed, and for whose benefit the sale was to be made, was not made a party, was not assigned as a cause of demurrer. Unless he was before the court, no decree, of course, could have been rendered affecting his rights; yet, if any ground for relief had been shown, the complaint should not have been, for that cause alone, absolutely dismissed, but leave been given the plaintiff to amend it by making him a defendant, or it should have been dismissed without prejudice to the bringing of another suit.

The only question for our consideration is as to the effect of the garnishment upon the right to sell under the deed of trust.

The appellant contends that the garnishment is analogous to a levy under an execution, and suspended all other remedies for the collection of the debt until that is disposed of. From the view we take of the case, we do not deem it necessary to determine whether such an analogy exists or not.

A deed of trust is virtually, if not strictly, a mortgage, and, in effect, the same as a mortgage with a power of sale. "A mortgage," says Perry, "may be in the form of a deed of trust from the grantor to the grantee, providing that if the grantor shall not pay a certain sum of money at a certain time, the grantee may sell the estate in a certain manner; or do whatever other thing the deed of trust points out to be done." 2 Perry on Trusts, sec. 602 b. The power of sale *in pais* in both cases, is

substituted by the parties for the formal process of foreclosure in equity, which would otherwise be necessary to make the security effective.

A creditor who takes a mortgage to secure a debt, may sue at law to recover it, and, at the same time, pursue his remedies under the mortgage. *Fitzgerald* v. *Beebe,* 7 Ark., 305.

Whilst the levy would suspend all other steps or proceedings upon the judgment for the collection of the debt, until that was disposed of, it is but an inchoate and contingent satisfaction, and no more beneficial to the mortgagee than would be the possession of the land recovered by him in an action of ejectment. The levy, as the law is now settled, neither gives any thing to the creditor, nor takes any thing from the debtor: but merely confers a right to sell. *Whiting & Slark* v. *Beebe,* 12 Ark., 421.

The remedies of a mortgagee being collateral and independent, neither is suspended or affected by any proceeding in pursuance of another that falls short of an entire and absolute satisfaction of the debt.

The decree of the court below is affirmed.