## John M. Way *vs.* Thomas W. Mullett.

Suffolk.   March 23. — November 24, 1886.

Where a mortgage of land contains a power of sale, the mortgagor may, under the Pub. Sts. *c.* 181, § 27, after breach of the condition of the mortgage, and before a sale of the premises conveyed by it has actually taken place, without a previous tender, bring a bill in equity to redeem the land, on offering in the bill to pay what is due.   Devens, J., dissenting.

Bill in equity, filed April 1, 1885, alleging that the plaintiff was the owner of two parcels of land in Boston, each of which was subject to a mortgage for $1700; that the defendant was the assignee of the mortgages, and, contending that there had been a breach of condition of each of the mortgages, had entered upon each parcel for the purpose of foreclosing the mortgage thereon, and had advertised the same for sale on April 3, 1885, for breach of condition, under a power contained in such mortgage, the alleged breach being the non-payment of interest; that the plaintiff was, and ever had been, willing and ready to pay any and all sums of money that might be due under either of the mortgages; that he had offered to pay, and had tendered to the defendant, whatever sums of money might be due and payable upon said mortgages, or either of them; and that the defendant claimed to be entitled, in addition to whatever sums might be due as interest on said mortgages, to a large amount for expenses and damages, and had refused to accept of the plaintiff the amount justly due, which had been tendered, and which the plaintiff was ready to bring and to pay into court.

The prayer of the bill was for an injunction to restrain the sale, and for an account of what was due; and that the plaintiff might be allowed to redeem the premises from the mortgages.

The subpœna issued on the bill was served on the defendant personally, on April 3, 1885, at thirty-five minutes after eleven o'clock in the morning.

The answer left the plaintiff to prove his ownership; admitted that the defendant was the assignee of the mortgages, and had advertised for sale the lands thereby conveyed; and denied the other allegations of the bill.

At the hearing, before *Devens*, J., the plaintiff put in evidence a notice which he had caused to be recorded, on April 3, 1885, at forty minutes after eleven in the morning, in the registry of deeds for the county where the lands included in the mortgage were situated, which set forth the pendency of this suit, in conformity with the Pub. Sts. *c.* 126, § 13. It also appeared in evidence that at the sale, which took place on said April 3, at three o'clock in the afternoon, the plaintiff gave notice to all parties present that this bill had been filed, and that the above-mentioned notice had been recorded; and it was proved that the plaintiff was the owner of equities in the premises referred to.

The judge found that the interest was overdue on the mortgages, and that the defendant was entitled to sell the premises, and had advertised the same for sale; that, although the plaintiff knew that the interest was overdue, he neither tendered such interest, nor made any offer or tender which it was possible for the defendant to accept; that, although the plaintiff repeatedly said he would pay the same, was ready to pay the same, &c., on being urged to make any actual offer or tender thereof, he wholly failed to do so, and had no intention of delivering to the defendant any sum which he could accept; that, while the defendant was ready to receive the interest only, had the same been tendered, he also contended that the costs of advertising the lots for sale, &c., should also be paid; that the charges and costs claimed were not unreasonable, if he had any right to charge for counsel fees paid by him for preparation of papers for advertising; that he did claim for this $25, which was a reasonable sum; that, although the plaintiff objected to the charges as unreasonable, he failed to make any actual offer or tender whatever, although requested so to do if he objected to any of the charges incurred by the defendant; and that, both as to interest and charges, the plaintiff not only failed to make any actual tender, but wholly neglected and practically refused so to do when requested.

On the whole case, the judge was of opinion that the bill should be dismissed, and that by filing the bill the plaintiff did not deprive the defendant of his right to advertise and sell the mortgaged property. The judge ordered the bill to be

dismissed; and, at the request of the plaintiff, reported the case for the determination of the full court.

*E. M. Bigelow*, for the plaintiff.

*W. B. Durant*, (*F. E. Bryant* with him,) for the defendant.

GARDNER, J. By the Pub. Sts. c. 181, § 27, "The person entitled to redeem," when the condition of a mortgage has been broken, "may at any time before the expiration of the three years limited for the redemption, and either before or after an entry for breach of the condition, bring a suit for redemption without a previous tender, and may in such suit offer to pay such sum as shall be found due from him."

The St. of 1798, c. 77, which required a payment or tender of payment of the sum due before bringing a bill to redeem, was held by this court, in *Tirrell* v. *Merrill*, 17 Mass. 117, to require the mortgagor to make the best calculation he could, and to tender at his peril. The statute gave him no remedy if he failed to tender the exact amount. The injustice of this provision was so apparent, that the court expressed the hope that the case would excite the attention of the Legislature. The St. of 1821, c. 85, was soon after passed. This provided that, when a mortgagor having a right to redeem shall bring his bill within three years after the mortgagee shall have obtained possession, "and shall in his bill offer to pay such sum as shall be found justly and equitably due, . . . . such offer shall have the like force and effect as a tender of payment or performance made before the commencement of the suit, . . . . provided, the mortgagee, or those claiming under him, shall, on request, have refused or neglected truly to state his or their account of the sum due on said mortgage, before the commencement of such suit." This proviso was repealed by the St. of 1833, c. 201, § 1; and an offer in a bill to redeem to pay such sum as should be found justly and equitably due, was thus left equivalent to a previous tender, without any qualification or limitation.

The provisions of the St. of 1821, as modified by the St. of 1833, were, in substance, reënacted in the Rev. Sts. c. 107, § 18, in the Gen. Sts. c. 140, § 19, and in the Pub. Sts. c. 181, § 27.

The provisions of this section apply to power of sale mortgages of real estate. By the terms of such a mortgage, upon default in the performance of its conditions, the right of the

mortgagee or his assigns to sell attaches at once, and, as it is a power coupled with an interest, it cannot be revoked by the mortgagor. *Cranston* v. *Crane*, 97 Mass. 459. *Hall* v. *Bliss*, 118 Mass. 554.

After breach of the condition, the mortgagor has no remedy at law. His right of redemption is gone, subject to the equitable right, which he may pursue, prior to the sale under the power. If the sale is complete, and the conveyance made of the estate, in accordance with the terms of the mortgage, the mortgagor loses his equitable right of redemption, and an unconditional estate passes to the purchaser. But, until the power is executed, the relation of the mortgagor and mortgagee remains independent of the power to sell. It is a reserved power, to be put in operation upon breach of the condition, whenever the mortgagee may determine. He may decide not to execute the power, but may choose to take possession for foreclosure, in the manner pointed out by the statute, in those cases where the mortgage contains no power of sale, and to wait three years for the foreclosure to be completed; Pub. Sts. *c.* 181, § 1; or he may pursue some other remedy pointed out by the statute. The power in the mortgage to sell, unexecuted, leaves the estate as it would be if no such power existed. *Shaw* v. *Norfolk County Railroad*, 5 Gray, 162, 182. "The right of redemption, which is the true indicium of a mortgage, remains in the mortgagor and his representatives, until it shall be foreclosed by entry or judgment, with possession as prescribed by law, or until, availing himself of his power, the mortgagee shall have made a conveyance pursuant to it to some one who shall intend to purchase an irredeemable estate." *Eaton* v. *Whiting*, 3 Pick. 484, 492.

The Public Statutes have enacted, in substance, that the sale of mortgaged premises made pursuant to a power of sale contained in the mortgage shall operate as a foreclosure. "When the condition of a mortgage has been broken, the mortgagor, or any person lawfully claiming or holding under him, may redeem the mortgaged premises, unless the mortgagee, or some person lawfully holding or claiming under him, has obtained possession of such premises for a breach of the condition, and has continued that possession for three years, or unless a sale of such premises

has been made pursuant to a power of sale contained in the mortgage." Pub. Sts. *c.* 181, § 21. The last clause of this section, relating to a sale, is here enacted for the first time.

In *Eaton* v. *Whiting, ubi supra*, it was intimated that the foreclosure was not complete until a conveyance was made to the purchaser at the sale. In *Cranston* v. *Crane, ubi supra*, the opinion of the court stated that the foreclosure was made complete by the sale. The last clause of § 21 was evidently enacted for the purpose of fixing the time when a foreclosure is complete, under the execution of a power of sale in a mortgage. The section treats of those who may redeem, and when they may redeem, and of nothing more. It does not change the law which was in force when this provision was enacted, except to determine when the mortgagor may redeem the mortgaged premises. By its terms, until a sale of the premises is completed, the mortgagor, or any person claiming under him, may redeem the same.

It is apparent from the Pub. Sts. *c.* 181, §§ 21 *& seq.*, that a mortgagor may resort to two courses for redemption of the mortgaged premises. 1. He may pay or tender the amount due to the mortgagee. If the tender is not accepted, it will not prevent the foreclosure, unless a suit is begun within a year after the tender is made. § 25. 2. He may bring a suit without a previous tender. §§ 27, 29.

We do not think that the sections of the statute relating to tender contain the only resource for the redemption of a power of sale mortgage. Section 24 provides that " the tender may be made at any time before the expiration of the three years limited for redemption, and either before or after an entry for breach of the condition ; " and if the mortgagor does not accept the tender and discharge the mortgage, the mortgagor may recover the premises by a suit in equity for redemption. The language of this section is similar to that of § 27, already quoted, relating to bringing suit without a tender. It contains no reference to mortgages with power of sale, and no allusion to the last clause of § 21. In *Cranston* v. *Crane, ubi supra*, it was assumed that § 16 of the Gen. Sts. *c.* 140, which is the same as § 24 of the Pub. Sts. *c.* 181, applied to such mortgages.

We think that § 27 applies with equal force as § 24 to mortgages with power of sale. In § 24, " the tender may be made

at any time before the expiration of the three years limited for redemption." In § 27, "the person entitled to redeem may at any time before the expiration of the three years limited for redemption . . . . bring a suit for redemption without a previous tender, and may in such suit offer to pay." If one section is applicable to mortgages with power of sale, it is difficult to see why the other does not apply.

The several sections under the title "Redemption" contain the only statutory provisions for the redemption of lands from power of sale mortgages. The same provisions are applicable to mortgages with and without such power. The foreclosure in one case is complete upon the sale under the power for breach of condition; in the other, upon the expiration of the three years limited for redemption. Before the foreclosure in either case is complete, the mortgagor may resort to either of the methods provided by the statute under the title Redemption. Pub. Sts. c. 181, §§ 21 & seq.

In the case at bar, the plaintiff brought his suit in equity to redeem before the sale of the premises had been made pursuant to the power of sale contained in the mortgage. In his bill, he alleged that he was willing and ready to pay any and all sums of money that might be due under either of the mortgages. Even if the statute were mandatory in requiring him to offer to pay such sum as shall be found due, the plaintiff has complied with its provisions. The majority of the court are of opinion, that the plaintiff has brought himself within the terms of the statute, and that he is entitled to redeem the estate upon paying what. is due the defendant. Under the Pub. Sts. c. 181, § 28, the court must determine what sums are due on the mortgages. To regain his legal title and possession, the plaintiff must pay what is actually due up to the time of redemption. *Adams* v. *Brown*, 7 Cush. 220. It is within the discretion of the court to award costs to either party. Pub. Sts. c. 181, § 29.

*Decree accordingly.*

DEVENS, J. I am unable to concur in the opinion of the majority of the court. On examining the facts found, it will be seen that the question presented by the case at bar is, whether, after breach of condition of a mortgage by failure to pay the

debt secured thereby, which mortgage contains a power of sale to be executed by the mortgagee or his assignee, and after the execution of such power has begun by advertising the premises for sale, the mortgagor, not only failing to make any actual tender, but wholly neglecting and practically refusing so to do, may deprive the mortgagee of his right to sell the mortgaged property, except subject to the right of redemption, by simply filing a bill in equity offering to redeem, and notifying purchasers of such filing.

In the opinion of the court, this question is determined in favor of the plaintiff's contention by the provisions of the Pub. Sts. *c.* 181, §§ 21, 27. Section 21 provides that, " when the condition of a mortgage has been broken, the mortgagor, or any person lawfully claiming or holding under him, may redeem the mortgaged premises, unless the mortgagee, or some person lawfully holding or claiming under him, has obtained possession of such premises for a breach of the condition, and has continued that possession for three years, or unless a sale of such premises has been made pursuant to a power of sale contained in the mortgage." The view taken by the court seems to me a misconstruction of this section, by reason of the failure to connect it with those which follow. Section 21 having provided who may redeem, and when he may do so, § 22 proceeds to provide what " the person entitled to redeem " — it would seem as described in the previous section — shall do, which is that he shall pay or tender the debt or performance of the condition. If these sections are necessarily connected, § 21 can have no bearing on the case at bar, as no tender was made. That they are thus connected is shown, not only by their own language, but by reading the four sections that follow. Taken together, these six sections constitute a system by which a party entitled to redeem may pay or tender performance within three years after possession taken, or before sale of the premises under a power, and, having so paid or tendered, may have a year thereafter within which to commence a suit, even if, at the time of the commencement of the suit, the three years may have expired, or the sale have been made. Section 25 negatively thus enacts, by providing that " the tender, if not accepted, shall not prevent the foreclosure of the right of redemption, unless a suit is commenced within one year after the

tender is made." The legislation contained in these sections, excepting the clause as to a sale under a power, is found in the Rev. Sts. *c.* 107, §§ 12–17, and has been continued since. The construction here given is that attributed to them in ¯Adams v. Brown, 7 Cush. 220. The only effect of the introduction of the clause as to a sale under a power is to provide the means of defeating such a sale by a payment or tender.

If my view of § 21 is correct, it is still necessary for me to consider whether the plaintiff may not maintain this bill by virtue of § 27. If he might do so, I should concur in the result reached, even if not in the construction ascribed to § 21. Section 27 provides that a suit for redemption may be brought, " without a previous tender," by the person entitled to redeem " at any time before the expiration of the three years limited for the ´ redemption, and either before or after an entry for breach of the condition." It will be observed that in this section no mention is made of any power of sale which might be contained in the mortgage, or of any effect which might be produced thereon by commencing such a suit.

What is popularly known as a power of sale mortgage is a combination of two instruments ; — the one a security for a debt or other obligation by a mortgage of property to which the usual incidents of the right to foreclose on the part of the creditor and to redeem on the part of the debtor are attached ; the other a power in the nature of a trust to sell the premises and to devote the proceeds to the payment of the debt. The latter is to be executed according to its terms, except so far as its effect or execution may be controlled by the statutes. The donor of the power cannot revoke it, as it is coupled with an interest. The rights of a creditor who is a mortgagee and also the donee of a ˙power are not less distinct because one instrument instead of two is used to state them. At the time the legislation we are discussing was originally passed, power of sale mortgages were not familiar securities. As above stated, it has been recently provided by statute (§§ 21–26), that the power of sale contained in a mortgage may be affected by a tender made previously to a sale of the premises, provided suit be brought thereon within one year. By this provision, these powers to sell are necessarily controlled, but no similar provision is found in § 27. The fact

that, in the sections which relate to suits brought upon tender made, the effect of such tender in defeating the power of sale is distinctly stated, while no allusion is made thereto in § 27, strongly indicates that the power to sell is not defeated by a bill brought without previous tender, and that such a bill affects the creditor only as he is mortgagee, and not as he is donee of a power. No reason suggests itself to my mind why this distinction exists between § 21 and § 27, except that in a proceeding under § 27, if brought without previous tender, it was not contemplated that the power of sale would be affected.

*Cranston* v. *Crane,* 97 Mass. 459, and *Montague* v. *Dawes,* 12 Allen, 397, are both cases in which the court discuss the effect of a tender upon the power to sell. While it is not so decided, nor stated in terms, they both apparently proceed on the theory that the only mode in which a power to sell may be defeated is by tender. It is readily understood why legislation might intervene to prevent the exercise of a power to sell granted by the debtor when such debtor was ready to pay or tender his debt, as it has done under § 21; but it is not so conceivable why it should do so when the debtor fails to do anything towards complying with his obligation. Nor do I find it easy to suppose that the prompt remedy intended to be obtained by a power of sale can be defeated by so simple a device as filing a bill alleging a willingness to pay, after a persistent refusal to pay or to tender anything. That, upon filing such a bill, the court in its discretion may issue an injunction restraining the sale, is true, but that discretion will be applied to the circumstances, and will be governed by them. The applications for such orders have been frequent, and they have been carefully investigated by the justices of this court; yet, if the law be as claimed by the plaintiff, such investigation has been idle, as all that could be attained by an injunction was readily obtained without invoking that process.

The law on this subject is so controlled by statute that authorities from England or other States have less value than on legal subjects the discussion of which depends on general principles, but it has been held elsewhere that a bill to redeem does not suspend the power to sell. *Adams* v. *Scott,* 7 W. R. 213. *Rhodes* v. *Buckland,* 16 Beav. 212. *Benjamin* v. *Loughborough,* 31 Ark. 210.

It is contended that the cases of *Eaton* v. *Whiting*, 3 Pick.
484, and *Shaw* v. *Norfolk County Railroad*, 5 Gray, 162, sustain
the position that filing a bill, with an offer to pay what is due,
will suspend the exercise of a power of sale. *Eaton* v. *Whiting*
decides only that the interest of a mortgagee is not attachable at
law on mesne process, and, further, that the fact that the mort-
gagee has a power of sale which he has not executed, does not
change the relation of mortgagor and mortgagee, "if that was
the relation created by the instrument separate from the power."
In other words, that the power to sell possessed by the mort-
gagee had not added any qualities which enlarged the estate in
him so as to render it subject to his debts by attachment and
levy. *Shaw* v. *Norfolk County Railroad* is very similar in prin-
ciple. Of such an instrument it is there said: "It was not
less a mortgage than it would otherwise have been, because the
grantees were invested by special agreement with an additional
authority beyond what they would have possessed without it, and
which they had no right to exercise except under an express
stipulation. And so long as they took no advantage of it, and
nothing was done under it, the rights and interests of the re-
spective parties to the conveyance, and their relations to each
other, were in no respect changed or affected by it." 5 Gray,
182. This gives no color to the idea that, because the power,
unexecuted, has no effect on the mortgage relation, it cannot be
executed if the mortgagor seeks to redeem the mortgage. Both
opinions, in terms, treat the mortgage relation created by the
instrument as "separate from the power." In neither of these
cases had there been any attempt to execute the power, and the
only question was whether an unexecuted power had in any way
affected the mortgage estate. When a mortgagee has actually
begun the execution of his power, it cannot, in my view, have
been the intention of the statute that he should be prevented
from so doing, unless upon tender made and bill promptly
brought in compliance with §§ 21–25, or unless he should be
restrained by the court, for equitable reasons, from exercising
the power.