## WAILUKU SUGAR CO. *vs.* WILLIAM DEAN.

Appeal from Bickerton, J.

Hearing, June 18, 1890.    Decision, June 27, 1890.

Judd, C. J., McCully, Bickerton, Dole, JJ.

The Act to provide for the sale of mortgaged property without suit and decree of sale, Comp. Laws, p. 563, does not require that the acts to be done by the mortgagee in order to sell the mortgaged property shall be done by him personally. They may be done on his behalf.

Opinion of the Court, by McCully, J.

Referring to the opinion of Mr. Justice Bickerton for the statement of the case, in adopting, as we do, his reasoning and conclusion, we may further observe that we do not read the statute as expressly requiring that certain acts be done by the mortgagee personally or any assign personally, and implying that the things done shall be invalid if done for him or on his behalf by another person. In this respect the fore part of section one, prescribing that notice of intention to foreclose shall be given by publication and further advertisement of the sale, stands upon the same footing as the latter part which requires that "he," that is, the mortgagee or the person having estate therein, shall within thirty days after selling the property in pursuance of a power file a copy of the notice of sale and his affidavit setting forth his acts in the premises fully and particularly, etc. Now it has not been contended in this case, and no reasonable contention could be made, that the mortgagee could not employ an attorney at law, an attorney in fact or a mere business agent to do for him the preliminary acts required. Such other construction would debar an absent mortgagee, for instance, from this proceeding in foreclosure. But if this may be done by such an agent, who but he is qualified to make the affidavit setting forth his acts? So that the reasonable construc-

tion of the statute would be that these certain proceedings be had, for the protection of the mortgagor. When it appears in a contention that they were done by a person properly acting for the mortgagee, and one cannot suppose that an unauthorized stranger could assume to act, which would be simply fraudulent, the provisions of the statute are satisfied. The common maxim, *Qui facit per alium facit per se*, seems to be applicable here.

It is the ordinary phraseology of an Act requiring a person to do something, which is of a character to be done by another person in his behalf.

Story's Equity Jurisprudence, Sec 1027A, prescribes that such powers of sale are construed liberally for the purpose of effecting their general object. The objects of the statute in this case were effected, and it would be an illiberal construction to hold that the acts of this business could only be validly done by the mortgagees in person.

In *Field vs. Gooding*, 106 Mass., 310, the Court say, in a contention that if the statute provision to file the affidavit within thirty days is not complied with the sale becomes void; that the title passes by the sale and deed and immediately vests in the purchase; that it was not the intention to make it subject to a condition subsequent and liable to be defeated by a failure of the mortgagee to perform an act which must follow the conveyance in point of time; that it must be regarded as directory and not precluding a resort to other evidence that the power of sale was duly executed; that the mortgagor cannot complain if the conditions he has chosen to insert in the deed have been in fact complied with. *Childs vs. Dolan*, 5 Allen, 319; *Cranston vs. Crane*, 97 Mass., 459; *Hamilton vs. Lubukee*, 51 Ill., 415.

The decree appealed from is confirmed.

---

OPINION OF BICKERTON, J., APPEALED FROM.

The bill which was filed April 15th, 1890, avers that Kualaau, Naholowaa and J. Kiakahi Pae were seized in fee simple of a certain piece or parcel of real estate situated at Wailuku, Island of Maui, and describes the same by metes and bounds. That

on or about the 29th of December, 1884, the said Kualaau, Na-holowaa and J. K. Pae mortgaged said property to defendant to secure the payment of a certain promissory note of even date for $500, with interest at twelve per cent. per annum. That the said Kualaau, Naholowaa, and J. K. Pae did by good and valid deeds and for valuable consideration assign and quit claim unto the petitioner the said premises, and that said conveyances were within the knowledge of the defendant, whereby the petitioner became entitled to the equity of redemption of the said mortg-aged premises. That said note and mortgage being overdue, the petitioner has frequently applied to and requested the said defendant to release the same. That on the 14th day of April, 1890, the petitioner did tender the sum of $757.50, the full amount then due the said defendant, and demanded that said note and morgage be cancelled; that defendant refused to accept said amount or to cancel said note and mortgage. And the petitioner prays :

First. That an account may be taken of what, if anything, is due the defendant for principal and interest on the said note and mortgage.

Second. That your petitioner may be permitted to redeem the said mortgaged premises, your petitioner being ready and willing and hereby offering to pay what, if anything, shall ap-pear to remain due in respect to the principal and interest on said note and mortgage.

Third. That said defendant may be decreed to cancel and release the said note, mortgage and premises, and make, execute and deliver to petitioner a lawful cancellation and release thereof, ready to go of record, and may deliver over to your petitioner all deeds and writings in his custody or power relat-ing to the said mortgaged premises.

Fourth. That your petitioner may have such further and other relief in the premises as the nature of the case shall require, and to the Court shall seem meet, with his costs.

The answer admits all the averments excepting that Kualaau, Naholowaa and J. K. Pae assigned and quit claimed unto the petitioner the said premises, and says that defendant has no in-

formation sufficient to form a belief as to the matter. And for further and separate defense to the matters and things set forth in the complaint says, that on account of non-payment of interest due upon the mortgage referred to in the petition he caused the said mortgage to be foreclosed by sale at public auction as prescribed by law; that said sale took place during the month of September, 1889, at which sale the petitioner became the purchaser for the sum of $800; that an affidavit for foreclosure was filed and a deed upon such foreclosure was prepared by said petitioner, and that no part of said sum of $800 has yet been paid to said defendant. And further shows that all the papers and instruments relative to said mortgage and of said fore- closure are now in the hands of the petitioner, and prays that the same may be produced upon the hearing.

The petitioner filed a formal replication.

The petitioner claims that the requirements of the statute have not been complied with in regard to the notice of fore- closure and sale. And further that the affidavit of sale should have been made by the mortgagee, and not by William R. Castle as attorney for mortgagee, and therefore that the foreclosure sale is void, and that he is entitled to the equity of redemption under his deeds from Kualaau, Naholowaa and J. K. Pae, which are dated subsequently to date of mortgage sale, one being dated 25th November, 1889, and one 11th of April, 1890.

The powers of sale contained in the mortgage, read: "But if default shall be made * * * said mortgagee, his heirs, executors, administrators and assigns are hereby fully author- ized and empowered to sell said premises, or any part thereof, at public auction on three weeks' advertisement, as provided by law (Act 1874.)"

The notice of foreclosure reads as follows :

"Mortgagee's notice of foreclosure.

"In accordance with the provisions of a certain mortgage made by Kualaau, k, of Wailuku, Maui, and Naholowaa, w, and J. K. Pae, her husband, of Honolulu, Oahu, to Wm. Dean of Honolulu, Oahu, dated December 29th, 1884, recorded in Liber 92, pages 377 and 378, notice is hereby given that the

mortgagee intends to foreclose the same for condition broken, to wit, non-payment of interest.

" Notice is likewise given that after the expiration of three weeks from the date of this notice, the property conveyed by said mortgage will be advertised for sale at public auction, at the auction rooms of Jas. F. Morgan in Honolulu, on Monday, the 9th day of September, 1889, at 12 o'clock noon of said day.

" Further particulars can be had of W. R. Castle.

" Dated Honolulu, August 13, 1889.

Wм. Dean, Mortgagee.

" The premises covered by said mortgage consist of : All that certain tract or parcel of land situate in Wailuku, Maui, more particularly described in R. P. 6066, L. C. A. 2458 to Kawai-ohia, containing an area of 3 26-100 acres, which said mortgagors own in fee simple."

The statute reads : " When a power of sale is contained in a mortgage, the mortgagee, or any person having his estate there-in, or authorized by such power to act in the premises, may, upon a breach of the condition, give notice of his intention to foreclose such mortgage, by publication of such notice in the Hawaiian and English languages for a period of three consecu-tive weeks, before advertising the mortgaged property for sale; and also give such notices and do all such acts as are authorized or required by the power contained in the mortgage ; and he shall within thirty days after selling the property in pursuance of the power, file a copy of the notice of sale, and his affidavit setting forth his acts in the premises fully and particularly, in the office of the Registrar of Conveyances in Honolulu. The affidavit and copy of the notice shall be recorded by the regis-trar with a notice of reference thereto in the margin of the record of the mortgage deed, if recorded in his office."

As to the notice of intention to foreclose, it appears that the notice was published in the Hawaiian and English languages for three consecutive weeks, the first publication being on the 13th of August, 1889, and the last on the 3d of September, 1889, and after being further advertised by posters, the land was sold at public auction on the 9th day of September, 1889. The fact

that the mortgagee in the same advertisement also gave notice that after the expiration of three weeks the mortgaged property would be advertised for sale at public auction on the 9th day of September, 1889, cannot in any way affect the notice of intention to foreclose.   The statute fixes three consecutive weeks as the time for advertising notice of intention to foreclose, but is silent as to the number of times notice of sale shall be published.   Under this state of facts, I find that the mortgagee has complied with the statute in regard to the required publications.

The next question is in regard to the affidavit of foreclosure and sale.   The object of filing this affidavit can only be that it may appear of record that the requirements of the statute have been complied with.   The statute does read "he (the mortgagee) shall within thirty days  *  *  *  file a copy  *  * * and his affidavit setting forth his acts  *  *  *."   There is a similar provision made for the filing of answers in civil actions.   Section 1106 of the Compiled Laws reads:  " It shall be incumbent upon every defendant served with process of summons as hereinbefore provided, within the time  *  *  * to file with the clerk of the Court an answer to the plaintiff's demand  *  *  *."

An answer is rarely, if ever, filed by the party defendant, but is filed by his or her attorney, and is held to be sufficient, if it is done for and on behalf of the party defendant.

In this case the affidavit is made by William R. Castle, who deposes and says, " he is attorney for the mortgagee; that on behalf of the mortgagee  *  *  *  he did foreclose  *  *  * did advertise notice of intention to foreclose and of sale as required by law  *  *  *."   The affidavit sets forth his acts in the premises fully and particularly.   It also appears that the affidavit was filed in the Registrar's office on the 10th day of September, 1889, the day after the sale, and was therefore within the thirty days required by law.

I am of opinion that the affidavit of William R. Castle, attorney for the mortgagee, is sufficient, and that the requirement of the statute has been complied with.   If there was or is any doubt as to the authority of Mr. Castle, it is entirely

8

removed by the affidavit of William Dean, the mortgagee, filed in this case, recorded in Registrar's office 6th January, 1890, as follows :

"In the matter of the foreclosure, Kualaau to Wm. Dean

Oahu : ss.    William Dean, being duly sworn, deposes and says :    That he is the mortgagee named in a certain mortgage made by Kualaau and others to him, dated 29th day of December, 1884, recorded Liber 92, page 377, and that said mortgage was foreclosed for default in payment of interest ; that William R. Castle acted as his attorney in the matter and attended to all of the business in connection with said foreclosure ; that he is the attorney for all of the mortgages and investments of said William Dean, made by him, the said William Dean, and attends to collections of interest and foreclosures for non-payments ; and that he verily believes that in all respects said mortgage was duly foreclosed in accordance with the law as set forth in the affidavit of foreclosure, duly filed and recorded in Liber ——, page ——.    And further, deponent saith not.

WILLIAM DEAN.

Subscribed and sworn to before me this 2d day of January, 1890.

[SEAL]          NELLIE M. LOWREY, Notary Public."

The mortgagee's deed prepared by petitioner does not conform to the affidavit of foreclosure, but that can be rectified, as the sale has not been completed.

The plaintiff not only has all the title of the mortgagees, but has quit claim deeds from the mortgagors.

The bill is dismissed with costs.

*C. L. Carter*, for petitioner.

*W. R. Castle*, for defendant.