SIMON BERNSTEIN *vs.* MARK SHAIN.

Suffolk.    December 7, 1927.— March 27, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Contract,* Performance and breach, For sale of real estate.    *Mortgage,* Of real estate: foreclosure.

A contract in writing between the owner of land and a prospective purchaser provided that the owner on a stated day should convey the premises by a good and sufficient quitclaim deed, "conveying a good and clear actual and record title . . . free from all incumbrances, excepting a ground rental," and "subject to a mortgage now held by . . . [a certain bank] in the sum of $40,000.00 and maturing in or within about four and eight months." At the date set, it appeared that the defendant's title came through a purchase at a sale in foreclosure of a mortgage which made no specific reference to any existing mortgage on the premises, although it contained a statement respecting keeping "the holders of this mortgage and all prior mortgages" insured against loss, "said insurance to be payable to the holders of said mortgages as their respective interests may appear"; and that the notice of the foreclosure sale stated: "These premises will be sold subject to a first mortgage in the sum of $10,000 a second mortgage now reduced to the sum of $8,000 and a third mortgage in the sum of $20,000 also subject to betterments assessments municipal liens, and leases if any." *Held,* that

(1) The "good and clear actual and record title" which the owner was to convey to the purchaser must appear to be good and clear on the record itself;

(2) The purchaser was not required to make an investigation to determine whether conflicting rights of other parties were in existence;

(3) The owner at the time set for conveyance did not have a good and clear actual record title with the exceptions noted in the agreement, and the purchaser was entitled to the return of a deposit he had made.

CONTRACT to recover the amount of a deposit made under a contract in writing for the purchase of real estate by the plaintiff from the defendant.   Writ dated June 24, 1926.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is stated in the opinion.   At the close of the evidence, the judge ordered a verdict for the plaintiff in the sum of $520.   The defendant alleged exceptions.

*W. B. Keenan*, for the defendant.

*C. Silbert*, for the plaintiff.

CARROLL, J.   This is an action to recover $500, a deposit made by the plaintiff with the defendant, under a written contract for the purchase of real estate, the record title to which was in the name of Ruth Epstein, a "straw" for the defendant.

The contract stipulated that time was of the essence of the contract, that the premises were to be conveyed on or before June 21, 1926, by a good and sufficient quitclaim deed of the defendant's nominee, "conveying a good and clear actual and record title . . . free from all incumbrances, excepting a ground rental," and "subject to a mortgage now held by the Federal National Bank in the sum of $40,000.00 and maturing in or within about four and eight months."   The defendant reserved the right "to convey subject to a first mortgage of $40,000.00 to a bank for a term of three years with interest at 6% per annum payable quarterly or mortgage for same amount with Federal National Bank to mature in one year."   The plaintiff was to pay $60,000, including the mortgage, "of which Five Hundred ($500.00) dollars have been paid this day."

The defendant's title came through the foreclosure of a mortgage given him by Clarence E. Hill.   On June 21, 1926, the parties met in the registry of deeds.   The plaintiff had with him a certified check for $18,000 and $1,500 in cash. His attorney informed the defendant that he could not accept

the title and "would tell the defendant what the fault was with the title, if the defendant would agree to return the deposit." The deed under the foreclosure proceedings recited that the premises were subject to three mortgages, and the notice of the foreclosure sale stated that the premises were to be sold subject to a first mortgage of $10,000, a second mortgage now reduced to $8,000, and a third mortgage of $20,000. At the conclusion of the testimony the judge ordered a verdict for the plaintiff for $500 and interest. The defendant excepted.

The mortgage from Hill to the defendant, under which he claims title, made no specific reference to any existing mortgage on the premises, although it contained the statement, "upon further condition that I will keep the holders of this mortgage and all prior mortgages insured against loss by reason of damage by fire to any building now or hereafter on said premises said insurance to be payable to the holders of said mortgages as their respective interests may appear." The foreclosure notice stated: "These premises will be sold subject to a first mortgage in the sum of $10,000 a second mortgage now reduced to the sum of $8000 and a third mortgage in the sum of $20,000 also subject to betterments assessments municipal liens, and leases if any."

G. L. c. 244, § 14, contains the following clause in the suggested form of foreclosure notice: "Description exactly as in the mortgage, including all references to title, restrictions, encumbrances, etc., as made in the mortgage." This section of the statute further provides that "A notice of sale in the above form, published in accordance with the power in the mortgage and with this chapter, together with such other or further notice, if any, as is required by the mortgage, shall be a sufficient notice of the sale," and the premises shall be "deemed to have been sold, and the deed thereunder shall convey the premises, subject to and with the benefit of all restrictions, easements, improvements, outstanding tax titles, municipal or other public taxes, assessments, liens or claims in the nature of liens, and existing encumbrances of record created prior to the mortgage, whether or not reference to such restrictions, easements, improvements, liens or

encumbrances is made in the deed; but no purchaser at the sale shall be bound to complete the purchase if there are encumbrances, other than those named in the mortgage and included in the notice of sale, which are not stated at the sale and included in the auctioneer's contract with the purchaser."

The notice of foreclosure stated that the premises were to be sold subject to three mortgages. The mortgage from Hill to the defendant, which he was foreclosing, purported to be a first mortgage, and the defendant did not state in his notice the "encumbrances . . . as made in the mortgage." If it be assumed that such a sale is not void, but is merely voidable, see *People's Savings Bank* v. *Wunderlich*, 178 Mass. 453; *Brown* v. *Wentworth*, 181 Mass. 49; *Chace* v. *Morse*, 189 Mass. 559, because the mortgagor and those claiming under him may not have been prejudiced by the foreclosure notice, even though the encumbrances as stated in the notice differed from the encumbrances as stated in the mortgage deed; and that he would not be prejudiced unless these differences interfered with the sale and prospective purchasers were restrained from bidding because of them, see *Brown* v. *Wentworth, supra; Chace* v. *Morse, supra*; yet in order to determine this question it would be necessary to resort to extrinsic evidence, and without such evidence it could not be ascertained whether the failure to state the encumbrances as shown in the mortgage deed affected the rights of the mortgagor.

The defendant was to give the plaintiff "a good and clear actual and record title." Such title must appear to be good and clear on the record itself. *O'Meara* v. *Gleason,* 246 Mass. 136. See *Aroian* v. *Fairbanks*, 216 Mass. 215, 219.

The mortgage deed and foreclosure notice were matters of record. The plaintiff might be subjected to a possible equity of the mortgagor to invalidate the foreclosure sale, if the mortgagor could show that his rights had been prejudiced. If the three mortgages referred to in the foreclosure notice were in existence when the mortgage in question was given, they would, under ordinary circumstances, appear in the record of the registry of deeds; but it may have been agreed by Hill and the mortgagee that these prior mortgages,

even if they existed, were to be paid, and if such were the understanding, these mortgages may have been paid, although not discharged of record. The plaintiff under his agreement with the defendant was not required to make this investigation. He could stand on his contract, and as the defendant did not have a good and clear actual record title, the plaintiff was not obliged to accept the defendant's title and the judge rightly directed the verdict for the plaintiff. We are not called upon to decide as to the form of a foreclosure notice, where the mortgage foreclosed was made subject to mortgages which have later been discharged.

It is not necessary to discuss the exceptions to the admissibility of evidence.

*Exceptions overruled.*