### JOSEPH F. WILSON *vs.* GEORGE N. BLACK.

A writ of entry cannot be maintained against a tenant who holds an absolute deed from the demandant's grantor, prior to the deed to the demandant, although he has given a written agreement, not under seal, to reconvey to the grantor on performance of a condition, and the condition has been performed.

WRIT OF ENTRY to recover land in Chelsea. Plea, *nul disseisin.* At the trial in the superior court, *Lord,* J., directed a verdict for the tenant on facts which appear in the opinion and the demandant alleged exceptions.

*J. O. Teele,* for the demandant.

*R. D. Smith,* for the tenant.

Dresel *v.* Jordan.

WELLS, J His grantor having possession, the demandant took sufficient title, under his deed, to enable him to maintain a writ of entry. But the tenant held a prior title by an absolute deed. The unsealed written agreement to reconvey did not constitute a defeasance at law. Performance of the condition of that agreement would not operate to revest the legal title in the grantor. It requires a reconveyance, and that can be enforced only in equity. Until the legal title is restored to the grantor or his assigns, the deed to the tenant gives him the better title, which must prevail at law. *Cranston* v. *Crane*, 97 Mass. 459. *Exceptions overruled.*