HARRY H. CARLISLE & another *vs.* ELIHU LIBBY.

Suffolk.   March 15, 1904. — April 2, 1904.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Real Action.*

Where on the trial of a writ of entry, it appears, that the demandant claims under an attachment and a subsequent sale on execution, and the tenant establishes his title through a foreclosure sale under a mortgage made before the bringing of the action in which the demandant's attachment was made, it is immaterial that the tenant also holds a deed from one whose title was acquired after the attachment, and evidence of an oral agreement alleged to affect the last named deed is not admissible in behalf of the demandant. Even if the tenant held under a deed subject to an oral agreement, this could not be proved in the real action, and the agreement would be enforceable in equity only on showing that the defendant in equity had knowledge of it.

WRIT OF ENTRY, dated April 17, 1899, for a parcel of land in Revere.

The plea was *nul disseisin.* The case was tried in the Superior Court before *Aiken,* J., without a jury. The judge found for the tenant, and, at the request of the demandants, reported the case for determination by this court. If the evidence offered by the demandants and excluded by the judge was excluded properly, judgment was to be entered for the tenant on the finding ; otherwise a new trial was to be granted.

The report was as follows:

The demanded premises were purchased by Teressa S. Marshall some time in May, 1891. On June 8, 1894, she mortgaged the premises to one Dartnell for $700 for six months, and on the same day made a second mortgage upon the same premises to one Trevelli, for $3,000 for three years. On August 7, 1894, the demandants attached the premises on mesne process in an action of contract brought in the Superior Court for the county of Suffolk, and returnable therein the first Monday of September, 1894. On August 21, 1894, Mrs. Marshall conveyed the demanded premises to Jerome Rumery by a warranty deed in common form. This deed expressly stated that " this conveyance is made subject to a first mortgage to Mary E. Dartnell for

$700, and a second mortgage to Emma T. Trevelli for $3,000, also subject to the taxes for the years 1893 and 1894." It contained the covenant that she should "warrant and defend the same to the said grantee and his heirs and assigns forever, against the lawful claims and demands of all persons except as aforesaid." On September 17, 1894, Rumery conveyed the premises to the tenant, subject to two mortgages and to the taxes for the year 1894, covenanting to "warrant and defend the same to the said grantee and his heirs and assigns forever, against the lawful claims of all persons except as aforesaid." On December 7, 1894, Rumery obtained an assignment of the Dartnell mortgage and proceeded to foreclose that mortgage under the power of sale. This foreclosure was temporarily enjoined by the Superior Court on a bill in equity brought by the assignee in insolvency of Teressa S. Marshall, a demurrer to the bill was sustained, the injunction was dissolved and the mortgage was foreclosed June 15, 1895, by sale under the power of sale. The premises were conveyed by a mortgagee's deed to Benjamin B. Dewing, who conveyed them on the same day to Olive Rumery, wife of Jerome Rumery. On September 13, 1895, Mrs. Rumery conveyed to the tenant.

Mrs. Marshall filed a petition in insolvency on October 25, 1894. The attachment in the suit of *Carlisle et al.* v. *Marshall*, then pending in the Superior Court for Suffolk County, was continued for the benefit of creditors, by order of the Court of Insolvency on November 22, 1894. Mrs. Marshall was refused a discharge in insolvency on December 21, 1900. The demandants obtained a special judgment and execution issued.

The premises were sold by virtue of the attachment under mesne process on July 3, 1896, to Frank D. Emery, who, on December 16, 1896, conveyed them to the demandants.

The demandants offered the following evidence, by testimony of Teressa S. Marshall and Ernest H. Marshall, which was excluded by the judge:

That Jerome Rumery was an officer and director of the Rumery-Libby Company, a corporation organized under the laws of the State of Maine, and having its usual place of business in Portland, Maine. Elihu Libby, the tenant, owned forty shares of the stock of this corporation and was its president.

The other stockholders were Charles C. Libby, son of the tenant, who owned ten shares, and Jerome Rumery, treasurer of the company, who owned twenty-four shares. The Rumery-Libby Company was a creditor of Mrs. Marshall to the amount of $1,300. The conveyance was made at the request of Rumery to secure that indebtedness and upon his promise to pay the two mortgages when due, the taxes, the attachment of the demandants and to reconvey to Mrs. Marshall, at such time within three years as she should satisfy the claim of the Rumery-Libby Company and reimburse him for his expenditures on account of the demanded premises. On or about October 25, 1894, Rumery made an appointment with the counsel for the demandants to pay off their claim in the original action against Marshall. The demandants' counsel went to the office of the counsel for the Rumery-Libby Company to receive payment and to discharge the attachment and suit against Mrs. Marshall. He was there informed that the claim could not be paid because Mrs. Marshall had just filed a petition in insolvency

J. J. Higgins, for the demandants.

B. B. Dewing, for the tenant.

LATHROP, J. We are of opinion that the evidence offered was rightly excluded. The title of the demandants was by virtue of an attachment made on August 7, 1894, in an action of contract, which we assume, though this is not clearly stated in the report, was against Mrs. Marshall. This title was subsequently perfected by a sale on execution on July 3, 1896. The land, however, at the time of the attachment, was subject to two mortgages, one made by Mrs. Marshall to one Dartnell, on June 8, 1894, for $700, payable in six months, and another, made on the same day, to one Trevelli for $3,000, payable in three years. The tenant does not claim title under the warranty deed from Mrs. Marshall to Rumery, of August 21, 1894, and the deed of September 17 of the same year, from Rumery to the tenant, but under a foreclosure of the mortgage given by Mrs. Marshall to Dartnell, which was assigned to Rumery on December 7, 1894, and foreclosed on June 15, 1895, by a sale to one Dewing under a power contained in the mortgage. Dewing on the same day conveyed the land to Mrs. Rumery, and on September 13, 1895, Mrs. Rumery conveyed it to the tenant.

There is nothing in the report to show that there was any contention that the Dartnell mortgage was not properly executed or that all the legal requirements were not properly complied with in the foreclosure sale.  This sale gave the tenant a title superior to that of the demandants, and the fact that the tenant had a prior deed did not affect his title under the foreclosure.

There is nothing in the offer of proof relating to the oral agreement between Rumery and Mrs. Marshall, at the time when she made the conveyance to him, which can in any way bind the tenant, as he does not claim under this conveyance. Even if he did so claim, the evidence would not be admissible in this action.  *Cranston* v. *Crane*, 97 Mass. 459.  *Wilson* v. *Black*, 104 Mass. 406.  Nor does the offer of proof tend to show that the tenant had any knowledge of the oral agreement between Marshall and Rumery.

*Judgment on the finding.*