G. AUGUSTUS HOLZMAN & another *vs.* BRISTOL COUNTY SAVINGS BANK & another.

Middlesex. October 6, 1931. — December 3, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Mortgage,* Of real estate: foreclosure.

A mortgagee of land published in a newspaper on May 16, May 23 and May 30, 1930, a notice dated May 17, 1930, for a sale in foreclosure of the mortgage to take place "on Monday, June 9," the sale to be "subject to taxes and all other municipal liens." The validity of a sale on June 9, 1930, to the mortgagee under such notice was called in question in a bill in equity containing an averment that the mistake in date of the notice and the statement therein that sale was to be "subject to taxes and all other municipal liens," "tended to drive off prospective bidders, and therefore, injure the chances of a bonafide purchaser bidding at the sale, and the property bringing what it otherwise would at a properly advertised foreclosure sale"; but there was no allegation that any prospective bidder was misled. A demurrer to the bill was sustained and the plaintiff appealed. *Held,* that

(1) No one was likely to be misled by the omission from the notice of the year when the sale was to take place;

(2) The notice having been published on May 16, the fact that the date of the notice of the foreclosure sale as published was May 17 did not render the sale invalid;

(3) There was no defect nor illegality in the notice because of the insertion therein of the statement that the sale was to be "subject to taxes and all other municipal liens."

(4) The demurrer properly was sustained.

BILL IN EQUITY, filed in the Superior Court on December 16, 1930, and afterwards amended by the filing of a substitute bill.

Material averments of the substitute bill are stated in the opinion. The defendants demurred. The demurrer was heard by *Lummus,* J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiffs appealed.

The case was submitted on briefs.

*F. H. Harding, Jr.,* for the plaintiffs.

*R. S. Wilkins & H. S. Boyd,* for the defendants.

CROSBY, J. This is a suit in equity brought to set aside a foreclosure sale of a mortgage on real estate. It is alleged in the substitute bill that the plaintiffs on or about May 16, 1930, were the owners of a certain parcel of real estate in Newton, the record title to which was in the name of one Johnson; that the plaintiffs held a second mortgage on the property for $10,000, signed by Johnson, dated April 25, 1930, and duly recorded; that the defendant bank was the owner and record holder of a first mortgage on the property dated April 14, 1927; that the defendant bank published in the Newton Graphic, a newspaper published in Newton, a notice of foreclosure sale on May 16, 23, and 30, 1930; the notice of sale was dated May 17, 1930, and provided that the sale would take place "on Monday, June 9, at 10 o'clock in the forenoon." The notice also stated that the property would be sold "subject to taxes and all other municipal liens." The defendant bank bid in the property at public auction on Monday, June 9, 1930. A foreclosure deed, affidavit and certificate of entry and possession were duly recorded.

The substitute bill alleges that the foreclosure proceedings were invalid (1) because the advertisement did not give the year of the sale, (2) because the notice of sale was dated May 17, 1930, and the first publication was on May 16, 1930, and (3) because the property was sold "subject to taxes and all other municipal liens"; that the mistake in dates, in addition to the references to taxes and municipal liens, "tended to drive off prospective bidders, and therefore, injure the chances of a bonafide purchaser bidding at the sale, and the property bringing what it otherwise would at a properly advertised foreclosure sale . . ."; and "that the advertisement to sell the property 'subject to taxes and all other municipal liens' tended to mislead a prospective bidder as to just what the terms of the sale were, as such a term might include taxes and assessments that the bank had paid on the property, and which were no longer unpaid taxes or liens on the property." To the substitute bill the defendants demurred. An interlocutory decree was entered sustaining the demurrer, and a final

decree was entered dismissing the bill. The case is before this court upon appeals from these decrees.

The procedure in the foreclosure of mortgages is found in G. L. c. 244, § 14, and a form of foreclosure notice is therein printed which may be used and "may be altered as circumstances require; but nothing herein shall be construed to prevent the use of other forms." It cannot be doubted that the terms of the statute must be complied with if a valid sale thereunder is to be made. It was said in *Brooks* v. *Bennett, ante,* 8, at page 16: "This mandate of the statute ought not to be made an instrument of injustice. If its terms are not followed, or the sale is not conducted in good faith, the mortgagor or those standing in his shoes may have the sale set aside in equity." We are of opinion that no one was likely to be misled by the omission from the notices of the year when the sale was to take place. As the recital was that the sale would occur on Monday, June 9, it would not be reasonable to suppose that any one reading the notice would understand that the sale would be held in a year either before or subsequent to 1930, but would understand that it would take place on June 9, 1930. We think no one would doubt on reading the notice that such would be the date on which the sale would take place. See *Streeter* v. *Ilsley,* 151 Mass. 291; *Turansky* v. *Weinberg,* 211 Mass. 324; *Flynn* v. *Curtis & Pope Lumber Co.* 245 Mass. 291, 297; *Brooks* v. *Bennett. ante,* 8.

The fact that the date of the notice of the foreclosure sale as published was May 17, 1930, did not render the sale invalid because the first publication was printed in the newspaper on May 16, 1930. Although the bill alleges that this error in the date of the notice tended to keep buyers from the sale, there is no allegation that in fact any bidders were misled by the discrepancy in the dates. As matter of law no one reasonably could be misled thereby.

The bill alleges that the foreclosure proceedings were illegal and invalid because the advertisement contained the provision "Sold subject to taxes and all other municipal liens." It is alleged that this statement tended to mislead

a prospective bidder. It is not alleged that any one was actually misled by that statement. A prospective bidder would naturally assume that the property would be sold as provided in G. L. c. 244, § 14, subject among other things to "municipal or other public taxes, assessments, liens or claims in the nature of liens . . . ." It is manifest that there was no defect or illegality in the notice because of the insertion therein of the above statement.

The cases of *Russell* v. *Bon,* 221 Mass. 370, *Bernstein* v. *Shain,* 263 Mass. 188, and other cases cited by the plaintiffs involve different questions from those here presented.

It is plain that the amended bill sets out no ground for relief in equity. The result is that the interlocutory decree is affirmed, and the final decree is to be affirmed with costs.

*Ordered accordingly.*