JACKIE RUSSELL AND BETTY HOOVER

*v.*

WEBSTER SPRINGS NATIONAL BANK, *et al.*

(No. 14616)

Decided May 6, 1980.

*Timothy R. Ruckman, Callaghan & Callaghan,* for appellant.

*William W. Talbott, Talbott & Alsop,* for appellees.

CAPLAN, JUSTICE:

This is an appeal by Paul Callahan from an order of the Circuit Court of Webster County entered on May 2, 1979, granting the appellees' motion for summary judgment and setting aside a trustee's sale wherein the appellant Callahan had purchased real property.

In May, 1975, the appellees, Jackie Russell and Betty Hoover, then husband and .wife, executed a trust deed to secure a loan from the Webster Springs National Bank in the principal amount of $23,614.66 for the purchase and renovation of a business building. In May, 1978, the bank notified the appellees of several problems that had occurred allegedly concerning payment on the note. Thereafter, the bank declared a default in payment on the trust deed note, sent notice to cure default to the appellees, and subsequently directed the trustee to sell the secured property. A notice of trustee's sale was published wherein the public was notified that the property would be sold on November 4, 1978, at 10:00 A.M. EDT (Eastern Daylight Time). The time changed in West Virginia from Eastern Daylight Time to Eastern Standard Time (EST) on October 29, 1978. The sale of the secured property was held at 10:00 A.M. (EST) on November 4, at which time Paul Callahan, the only bidder, purchased the property.

On December 1, 1978, the appellees brought suit to set aside the sale as void, alleging, in part, that there was no default in payment on the trust deed note, that the sale, held at 10:00 A.M. (EST), was not held in accordance with the advertisement of 10:00 A.M. (EDT), and that the property was sold for an inadequate and insufficient amount. Following the filing of the complaint and all responsive pleadings, the appellees moved for summary judgment on the basis of the variance between the advertised time and the actual time of sale. The court

granted the motion finding that the monthly payment became delinquent; that the notice to cure default was improper as it misinformed the appellees of the amount due; that the sale price demonstrated a reduction of the principal loan of over $6,500.00, indicating that the property was sold for an insufficient amount; and that the variance between the time advertised and the time of actual sale was sufficiently material to void the sale. From the granting of the motion for summary judgment, Callahan appeals.

In Syllabus Point 3 of *Aetna Casualty and Surety Co. v. Federal Ins. Co.*, 148 W.Va. 160, 133 S.E. 2d 770 (1963), we stated:

> "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

*Gavitt v. Swiger*, ____ W.Va. ____, 248 S.E. 2d 849 (1978); *Consolidated Gas Supply Corp. v. Riley*, ____ W.Va. ____, 247 S.E. 2d 712 (1978); *Cassella v. Weirton Construction Co.*, ____ W.Va. ____, 241 S.E. 2d 924 (1978); *State ex rel. County Commission of Jackson County v. McCoy*, ____ W.Va. ____, 236 S.E. 2d 217 (1977).

The court made findings regarding default and the amount of default declared by the bank and the sufficiency of the purchase price at the sale of the secured property although these issues were placed in dispute by the pleadings. The pleadings raise a genuine issue of whether or not the appellees were in default, and if so, to what extent. The sufficiency of the sale price of the property could not be determined from the pleadings alone as there existed a genuine issue as to the value of the property.

The time of the sale, however, was not disputed. The appellant contends that the variance between the time given in the notice of sale (10 A.M. EDT) and the actual time of sale (10 A.M. EST) was not such a material and

substantial departure from the provisions of the trust deed or notice of sale as to vitiate the sale. We agree.

A trustee is authorized to make sale of the property conveyed only in such manner as is provided in the trust deed. Where the trust deed makes no provisions as to notice, the trustee must comply with the provisions of notice required by law. *Shea v. Ballard,* 61 W.Va. 255, 56 S.E. 472 (1907). The deed of trust in this case provides that notice of the time and place of sale must be given as provided by law. Thus, the trustee was required to state the time and place of sale, pursuant to *W.Va. Code,* 1931, 38-1-4.

The object of a notice of sale is to secure bidders by informing the public of the nature and condition of the property to be sold, and of the time, place and terms of sale so as to prevent a sacrifice of the property. 59 C.J.S. Mortgages § 724 (1949). If these objects are attained, immaterial errors and mistakes will not affect the sufficiency of the notice or the sale made pursuant thereto. 55 Am. Jur. 2d Mortgages § 637 (1971).

A party who seeks to have a trustee sale set aside for irregularity, want of notice, or fraud has the burden of proving his contention, it being presumed, in the absence of evidence to the contrary, that the sale was regular. *Reed v. Bachman,* 72 W.Va. 483, 78 S.E. 695 (1913). We cannot conclude that the sale of the property at 10 A.M. (EST) instead of 10 A.M. (EDT) as advertised is substantial and material enough alone to vitiate the sale. That fact alone does not show that the notice was calculated to deter or mislead bidders, to depreciate the value of the property, or to prevent it from bringing a fair price. Eastern Daylight Time (EDT) had terminated on October 29, 1978. The only 10 A.M. on November 4, 1978, in Webster Springs, West Virginia was 10 A.M. Eastern Standard Time. In the posture of this case the court erred in granting summary judgment on the ground of the advertised time of sale.

Because the pleadings raised questions of material fact and since inquiry concerning whether or not the

notice deterred or misled bidders or was calculated to prevent the property from bringing a fair price is desirable to clarify the application of the law, summary judgment should not have been granted. The judgment of the Circuit Court of Webster County is therefore reversed, and this case is remanded for the taking of evidence on the substantive questions raised.

*Reversed and remanded.*