CONCEPTS, INC., a Utah corporation, and Ray Fry, individually, Plaintiffs and Appellants,

v.

FIRST SECURITY REALTY SERVICES, INC., a Utah corporation, formerly known as Utah Mortgage Loan Corporation, a Utah corporation, Defendant and Respondent.

No. 20144.

Supreme Court of Utah.

Sept. 1, 1987.

B. Ray Zoll, Tom D. Branch, Salt Lake City, for plaintiffs and appellants.

James Gilson, Salt Lake City, for defendant and respondent.

PER CURIAM:

Plaintiffs appeal from a summary judgment in a declaratory judgment action, declaring a trustee's sale conducted under a power of sale provision in a trust deed void as a matter of law for failure to comply with section 57–1–25 of the Utah Conveyances Act. We reverse.

Plaintiffs were trustors under trust deeds executed and delivered to defendant for the development of real property into the Park West Condominiums in Park City, Utah. The amount of the loan exceeded $3,000,000. When plaintiffs failed to perform under the trust deed notes and loan agreements, defendant filed a notice of de-

fault. On September 14, 1983, plaintiffs were served with a notice of sale to beheld on October 28, 1983. In compliance with statutory requirements, the notice was also posted on the property to be sold and in three public places in Summit County. Defendant also caused the notice to be published in the *Salt Lake Tribune* on October 3, 10, and 17 of 1983, as evidenced by an affidavit of publication. The notice was dated "This First Day of October *1983*" and stated that the property *"will* be sold ... at the Summit County Courthouse ... on October 28, *1982*...." (Emphasis added.) Defendant was the only purchaser and bidder at the sale. Although neither party has apprised this Court of the amount of the bid, it is our understanding that defendant bid an amount substantially less than the outstanding balance due under the notes. The trustee passed title to defendant by virtue of a trustee's deed.

On April 2, 1984, and April 30, 1984, plaintiffs were served with a ten-day summons advising them that an action had been commenced to "recover deficiency due under notes dated November 17, 1981, and February 2, 1982." An affidavit in the record indicates that plaintiffs' attorney refused to stipulate to the timeliness of the action[1] and was informed by counsel for defendant that a sale of the property would be rescheduled because of the typographical error in the *Salt Lake Tribune* notice misstating the year of the sale. This action ensued, with claims for declaratory relief, injunction, and damages.

The parties stipulated that the facts were not in dispute and that the sole legal issue before the trial court was the validity of the sale on October 28, 1983. Because disposition of a case by summary judgment denies the benefit of a trial on the merits, we review the facts and inferences in the light most favorable to the party against whom the judgment was granted. *Atlas Corp. v. The Clovis National Bank*, 737 P.2d 225 (Utah 1987). Where, as here, summary judgment is granted as a matter of law rather than fact, we are free to

reappraise the trial court's legal conclusions. *Id.; Docutel Olivetti Corp. v. Dick Brady Systems, Inc.*, 731 P.2d 475 (Utah 1986).

▮ The purpose of strict notice requirements in a nonjudicial sale of property secured by trust deed is to inform persons with an interest in the property of the pending sale of that property, so that they may act to protect those interests. *Morrell v. Arctic Trading Co., Inc.*, 21 Wash. App. 302, 584 P.2d 983 (1978). The objective of the notice is to prevent a sacrifice of the property. If that objective is attained, immaterial errors and mistakes will not affect the sufficiency of the notice or the sale made pursuant thereto. *Russell v. Webster Springs National Bank*, 164 W.Va. 708, 265 S.E.2d 762 (1980). A party who seeks to have a trustee sale set aside for irregularity, want of notice, or fraud has the burden of proving his contention, it being presumed, in the absence of evidence to the contrary, that the sale was regular. *Id.* Defects in the notice of foreclosure sale that will authorize the setting aside of the sale must be those that would have the effect of chilling the bidding and causing an inadequacy of price. *Boyce v. Hughes*, 241 Ga. 357, 245 S.E.2d 308 (1978). The remedy of setting aside the sale will be applied only in cases which reach unjust extremes. *McHugh v. Church*, 583 P.2d 210 (Alaska 1978).

With these guidelines before us, we examine the case at hand. The parties do not dispute the fact that the statutory notice requirements were strictly observed, except that the notice by publication dated October 1, 1983, stated that the sale would take place on October 28, 1982. Errors like these do not normally operate to vitiate a foreclosure sale. *Russell, supra* (sale was advertised for 10:00 a.m., EDT, on November 4, when on that date EST was in effect. Held: no substantial departure from provisions of trust deed or notice of sale as to vitiate sale); *Lovell v. Rowan Mutual Fire Insurance Co.*, 46 N.C.App. 150, 264

---

**1.** Section 57–1–32 of the Utah Conveyances Act requires an action to recover the balance due upon the obligation for which the trust deed was given as security to be commenced within three months after the sale of the property under trust deed.

S.E.2d 743 (1980), *rev'd on other grounds,* 302 N.C. 150, 274 S.E.2d 170 (1981) (notice of foreclosure hearing was improperly given as 3 January 1978 when sent in December of 1978. Held: obviously inadvertent error was not enough to invalidate proceedings); *Hankins v. Administrator of Veterans Affairs,* 92 Nev. 578, 555 P.2d 483 (1976) (sale was erroneously advertised to take place in North Las Vegas. Held: proceedings were not invalidated as plaintiffs were not misled by mistake); *Bailey v. Pioneer Federal Savings and Loan Association,* 210 Va. 558, 172 S.E.2d 730 (1970) (first notice by publication left out place of sale. Held: substantial compliance with the requirements of the trust deed was sufficient, so long as parties were not affected in a material way); *Holzman v. Bristol County Savings Bank,* 277 Mass. 383, 178 N.E. 622 (1931) (notice stated that sale would be held June 9 "at 10 o'clock in the forenoon." The year was left out. Held: no one was likely to be misled by the omission from the notices in what year the sale was to take place). But, where the erroneous date had the effect of not advertising the sale at all, the court held that presumably no one was informed of the actual date. *Booker v. Federal Land Bank of New Orleans,* 175 Miss. 281, 164 So. 877 (1936).

█ The facts here are similar to those in *Russell, Lovell,* and *Holzman.* The language of the notice by publication is *in futuro,* advising the public that the sale will be held at a future date. As such, it can hardly be argued, nor does defendant argue, that the notice confused bidders or resulted in an undervaluation of the property. Defendant's statement that the incorrect date had the potential to mislead prospective bidders is insufficient to conclude that it in fact did.

█ Defendant received the trustee's deed after the foreclosure sale of October 28, 1983. Though the presumption of validity of sale is not conclusive and may be rebutted, *Houston First American Savings v. Musick,* 650 S.W.2d 764 (Tex.1983), section 57–1–28(1) of the Utah Conveyances Act states that recitals in a trustee's deed averring compliance with statutory requirements constitute prima facie evidence of such compliance and are conclusive evidence in favor of bona fide purchasers and encumbrancers for value and without notice. *See also Triano v. First American Title Insurance Co. of Arizona,* 131 Ariz. 581, 643 P.2d 26 (1982). Defendant does not argue that it did not pay value, nor that it had notice of any irregularities in the foreclosure proceedings at the time of sale. Nonetheless, defendant now argues that as beneficiary under the trust deed and purchaser at sale, it was not qualified as a bona fide purchaser, so as to be entitled "to rely on the recitals in the deed he receives from the trustee after the sale" (citing *Blodgett v. Martsch,* 590 P.2d 298, 303 (Utah 1978)). Although we agree that defendant was not a bona fide purchaser, that fact does not change the result in this case.

█ Defendant's argument that the flaw in the notice by publication invalidated the sale to it perverts and uses as a sword a statute that was meant to shield the property rights of a trustor. A sale once made will not be set aside unless the *interests of the debtor* were sacrificed or there was some attendant fraud or unfair dealing. *McHue v. Church,* 583 P.2d at 215, 216. *The maker* of the deed of trust with power of sale may condition the exercise of the power upon such conditions as he may describe. *Houston First American Savings,* 650 S.W.2d at 768. Indeed, defendant itself, in its memorandum in support of motion for summary judgment, as well as in its argument before this Court, repeatedly concedes that the right to set aside a trustee's sale is predicated upon the impairment of the trustor's rights to the property. "Publication notices protect the *debtor's* interest [and serve] to ensure the fairness of the sale through competitive bidding, thus securing the highest possible prices" (citing Comments, *Validity of Power of Sale and Procedural Considerations in Its Exercise,* 16 U.Kan.L.Rev. 611, 617 (1968)). The reason for strict compliance with the statute "is to protect the property of the *debtor*" (citing *University Savings Association v. Springwood Shopping Center,* 644 S.W.2d 705, 706 (Tex.1982)). "The

*grantor* of the power is entitled to have his directions obeyed; to have the proper notice of sale given; to have it to take place at the time and place, and by the person appointed by him" (citing *Houston First American Savings*, 650 S.W.2d at 768, and quoting from *Fuller v. O'Neal*, 69 Tex. 349, 6 S.W. 181 (1887)). "The right of a *grantor* of a deed of trust to have its provision strictly complied with to effect a valid foreclosure sale is absolute" (citing *Harwath v. Hudson*, 654 S.W.2d 851 (Tex. App.1983)). "Statutes making recitals in a trustee's deed conclusive evidence of their truth, may operate to deprive *the trustor* (or those claiming under him) of property without due process of law, i.e., the opportunity for an individualized hearing" (citing P. Basye, *Clearing Land Titles* § 43, at 168–69 (1983 Supp.)). (All emphases ours.)

In short, there is nothing in defendant's argument that would persuade us to adopt defendant's reasoning. The statutes governing foreclosure sales under trust deeds protected the interests of plaintiffs up to the moment that the property was sold and a trustee's deed issued. Thereafter, the trustee's deed operated to convey to defendant, without right of redemption by plaintiffs, title to the property of plaintiffs and all parties claiming under them. Utah Code Ann. § 57–1–28(2) (1986). Defendant thereafter had three months to institute action to recover any balance due on the obligation for which the trust deeds were given as security. Utah Code Ann. § 57–1–32. Once a trust deed sale has been made, that remedy is the exclusive remedy under statute. *Cox v. Green*, 696 P.2d 1207 (Utah 1985).

We hold that the trustee's sale on October 28, 1983, was properly advertised and that the notice published in the *Salt Lake Tribune* substantially complied with our statutory requirements. Inasmuch as the validity of the sale was not affected by the minor typographical error, the trustee's deed validly conveyed to defendant all of plaintiffs' right, title, and interest in the property, subject only to plaintiffs' continuing liability for any remaining deficiency. Defendant's failure to bring a deficiency action within three months after the sale of the property terminated all of plaintiffs' remaining obligations, and defendant's attempt at rescheduling the same property for a second sale was improper as a matter of law.

The judgment is reversed.

STEWART, Associate Chief Justice, having disqualified himself, does not participate herein.