McDonald, C. Brian, J.
1. Introduction
This controversy arises out of a foreclosure sale which has not culminated in a conveyance of the property due to a lack of documentation that the mortgagee could convey clear and marketable title. The plaintiffs, who are the highest bidder at the foreclosure sale and the holder of the second mortgage on the property, respectively, claim that the mortgagee defendant was required to convey clear and marketable title. Before the court is the mortgagee defendant’s motion for summary judgment with respect to both claims. The motion is allowed.
*182 2. Background
The following facts, taken in the light most favorable to the non-moving parties, are from the summary judgment record.
The defendants, David Paquette and Maura Jean Paquette (the Paquettes), defaulted on their first mortgage on real properly in Westborough. The defendant, Deutsche Bank National Trust Company (Deutsche Bank), holds the first mortgage, which secures a promissory note in the amount of $500,000, and is dated March 3, 2003. Commerce Bank & Trust Company (Commerce Bank), the intervener plaintiff, holds a second mortgage dated October 19, 1999, securing an equity line of credit on the property in the original principal amount of $175,000. The property is also encumbered by a federal tax lien in the amount of $229,016, which was recorded on June 20, 2003, and a writ of attachment in the amount of $270,000 approved by the Court (Wexler, J.) on January 20, 2006, in an action brought by one Dennis Armstrong.
As a result of the Paquettes’ default on their first mortgage, in December 2005, Deutsche Bank commenced foreclosure proceedings. On January 24, 2006, Deutsche Bank’s attorney sent a Notice of Mortgagee’s Sale of Real Estate (Notice of Sale) to the Internal Revenue Service (the IRS) as required by G.L.c. 244, §14, due to the IRS’s interest of record in the property. On January 31, 2006, the IRS received that notice. Deutsche Bank also published the Notice of Sale in a Westborough newspaper for three consecutive weeks in February 2006. The Notice of Sale states that the property
will be sold and conveyed subject to . . . all... liens or claims in the nature of. . . any and all unpaid taxes, tax titles, tax liens .. . and any other unpaid . . . liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such ... encumbrances is made in the deed.
On March 6, 2006, Deutsche Bank conducted a foreclosure sale. Before bidding $670,000, the plaintiff, Paul Pehoviak (Pehoviak), heard Deutsche Bank’s auctioneer tell another bidder that there were no federal tax liens on the property. Pehoviak was the highest qualified bidder at the foreclosure sale. He gave a $10,000 deposit and executed with Deutsche Bank’s auctioneer a Memorandum of Terms and Conditions of Sale for the Property (Memorandum of Sale) which provided, inter alia, that
If the mortgagee does not convey title to the Buyer for any reasons, the mortgagee’s sole responsibility shall be the return of deposit paid. The Buyer shall have no further recourse against the mortgagee, the mortgagee’s attorney or the auctioneer.
The premises shall be conveyed by the usual Foreclosure Deed under the statutory power of sale, subject to any and all unpaid taxes, tax titles, tax liens, water and sewer assessments or liens, any other municipal assessments or liens.

The Buyer acknowledges that no representations or warranties of any kind whatsoever, other than those set forth above, have been made by or on behalf of the mortgagee and that the premises are conveyed in “as is” condition.

Pehoviak wrote his initials — "PP" — after the last sentence, which is in bold letters in the original text. The Memorandum of Sale scheduled the properly conveyance date for April 6, 2006.
On or about March 6, 2006, Armstrong waived his right to receive statutory notice of Deutsche Bank’s foreclosure sale.
On March 21, 2006, Pehoviak’s attorney sent Deutsche Bank a letter stating that his lender’s attorney discovered the federal tax lien on the property and that Deutsche Bank’s foreclosure materials did not show that Deutsche Bank sent to the IRS the requisite notice of the foreclosure sale, which, if done correctly, might have yielded evidence prior to the foreclosure sale that the federal tax lien had been discharged and that the IRS would waive its right to redeem the property. Pehoviak’s attorney further stated in the letter that
As a result, [Deutsche Bank] is not in a position to convey title to the property in accordance with the Notice of Sale or the [Memorandum of Sale] which was executed by my client at the foreclosure sale . .. Please advise me how you intend to address the outstanding Federal Tax Lien.
On March 30, 2006, Pehoviak’s attorney again wrote to Deutsche Bank to request a copy of the foreclosure notice sent by Deutsche Bank to the IRS and a copy of the waiver of notice from Armstrong. Deutsche Bank failed to respond to these requests. The transfer of property did not occur as scheduled on April 6, 2006. Although the record is silent on this exact point, nothing suggests that Deutsche Bank was unwilling to go forward. Rather, it appears that Pehoviak declined to go through with the closing because he believed he was entitled to good and sufficient title to the property and that Deutsche Bank’s failure to provide him with documentation of such title amounted to a breach of their contract.
On April 10, 2006, Pehoviak filed this action alleging that Deutsche Bank breached the contract terms in the Memorandum of Sale by not providing documentation demonstrating that Deutsche Bank could convey good and sufficient title to the property and for not actually conveying such good and sufficient title. Specifically, Pehoviak alleges in his verified complaint that Deutsche Bank failed to show that it had notified the IRS and Armstrong of the foreclosure sale in order to establish that Deutsche Bank could convey Pehoviak good and sufficient title to the property. Pehoviak contends that, had Deutsche Bank given the *183 IRS adequate notice of the foreclosure sale and had the IRS waived its right to redemption, Deutsche Bank would have been able to convey clear title to Pehoviak. Pehoviak seeks judgment on his sole claim of breach of contract and an order that title be cleared and that the property be conveyed to him, or, alternatively, judgment on his breach of count claim “in an amount to be determined by the Court, plus costs of this action and interest.”
On December 20, 2006, Commerce Bank filed an intervener’s verified complaint in this action alleging that Deutsche Bank’s negligence and failure to transfer good and sufficient title to Pehoviak caused Commerce Bank to suffer damages. Although Commerce Bank captions the one count in its verified complaint as negligence, elsewhere in the complaint, Commerce Bank alleges that Deutsche Bank breached the duly of reasonable care it owed to Commerce Bank by failing to conduct the foreclosure in a manner that would allow it to convey clear title to the highest bidder, Pehoviak. Because Pehoviak’s bid was for $670,000 and Deutsche Bank’s first mortgage secured the first $500,000, the surplus of $170,000 might have been available to Commerce Bank, as the holder of a second mortgage in the amount of $175,000. Thus, Commerce Bank alleges in the sole count of its complaint that, “As a result of Deutsche Bank’s negligence, Commerce was caused to suffer direct and consequential damages for which the defendant, Deutsche Bank, is liable.”
Before the Court is Deutsche Bank’s misnamed “Substituted Cross Motion [sic] for Summaiy Judgment.” No other summary judgment motion has been filed by any other party.[3] Deutsche Bank seeks summary judgment on the claims against it by both Pehoviak and Commerce Bank. Deutsche Bank has attached to its summaiy judgment motion the documentation which had been repeatedly requested by Pehoviak in March 2006: proof that Deutsche Bank had sent, and the IRS received, the Notice of Sale and proof of Armstrong’s waiver of statutory notice.[4]
In response to Deutsche Bank’s summaiy judgment motion, Pehoviak denies that the Notice of Sale to the IRS was proper under the Federal Tax Lien Act, 26 U.S.C.A. §7425, and its regulations, 25 Code Fed. Regs. §301.7425, and denies that Armstrong’s waiver of statutory notice complies with G.L.c. 244, §14.[5] Commerce Bank did not file an opposition to Deutsche Bank’s motion for summaiy judgment.
3. Legal Analysis
The Court grants summary judgment where the moving party has affirmatively demonstrated that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact to defeat the summaiy judgment motion. Id.
General Laws c. 244, §14, provides that in a foreclosure sale,
the premises shall be deemed to have been sold, and the deed thereunder shall convey the premises, subject to and with the benefit of all restrictions, easements, improvements, outstanding tax titles, municipal or other public taxes, assessments, liens or claims in the nature of liens, and existing encumbrances of record created prior to the mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed; but no purchaser at the sale shall be bound to complete the purchase if there are encumbrances, other than those named in the mortgage and included in the notice of sale, which are not stated at the sale and included in the auctioneer’s contract with the purchaser.
G.L.c. 244, §14.
Deutsche Bank argues that it is entitled to summary judgment on the claims by both Pehoviak and Commerce because it executed the foreclosure sale in accordance with the Notice of Sale, the Memorandum of Sale, and G.L.c. 244, §14. Deutsche Bank further asserts that the plaintiff knew by initialing and signing the Memorandum of Sale that Deutsche Bank expressly disclaimed making any representations or warranties with respect to the property. Deutsche Bank maintains that it acted in good faith and used reasonable diligence to try to convey clear title to Pehoviak, but it does not assert that it actually was able to convey clear title.
Nothing in the summary judgment materials establishes that Deutsche Bank at any time promised to convey clear title to Pehoviak. Pehoviak did not execute a standard purchase and sale agreement which would have obligated Deutsche Bank to convey the property by a warranty or quitclaim deed granting good and clear record title. Instead, Deutsche Bank unequivocally informed Pehoviak in both the Notice of Sale and in the Memorandum of Sale that conveyance of the property would be subject to liens, unpaid taxes, and any other encumbrances of record. In addition to signing the Memorandum of Sale, Pehoviak initialed the provision written in bold typeface acknowledging that Deutsche Bank had made no representations or warranties. The provisions of G.L.c. 244, §14, ¿s well as the terms of the Notice of Sale and the Memorandum of Sale control this case. See Brooks v. Bennett, 277 Mass. 8, 15-16 (1931) (effect of a foreclosure sale held pursuant to the notice provisions of G.L.c. 244, §14, is that the foreclosure deed shall convey the premises, subject to and with the benefit of all restrictions, easements, liens, and existing encumbrances of record created prior to the mortgage, whether or not reference to such restrictions, easements, improve- *184 merits, liens or encumbrances is made in the deed); Holzman v. Bristol County Savings Bank, 277 Mass. 383, 385-86 (1931) (notice of foreclosure sale which stated that property would be sold subject to taxes and liens was not defective or illegal). Contrast O'Meara v. Gleason, 246 Mass. 136, 138 (1923) (where defendant mortgagee expressly agreed to convey property by good and sufficient quitclaim deeds conveying good and clear record title free from all encumbrances except taxes for current year and restrictions of record, but mortgagee could not convey good and clear record title to land, plaintiff purchaser was entitled to recover his deposit plus interest); Guleserian v. Pilgrim Trust Co., 331 Mass. 431, 434-37 (1954) (where notice of sale setting forth terms of mortgage stated that conveyance was subject to reservations contained in certain deed to seller from prior owner, and that deed did not disclose additional but recorded easement rights in property, buyer was entitled to receive good marketable title and was justified in refusing the deed).
Because the Memorandum of Sale expressly disclaimed any other representations or warranties, its terms may not be varied or contradicted by parol evidence of antecedent or contemporaneous oral agreements or negotiations. See Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass.App.Ct. 585, 591 (2007). See also Kobayashi v. Orion Ventures, Inc., 42 Mass.App.Ct. 492, 496 (1997). Therefore, Pehoviak cannot show that the representation by Deutsche Bank’s auctioneer to another bidder that there were no federal tax liens on the property was a binding term of the foreclosure sale or that Pehoviak could have reasonably relied upon it.
Finally, the encumbrances were not concealed— Pehoviak discovered the IRS tax lien and other encumbrances on the property before the scheduled closing date — and Deutsche Bank at no time expressly agreed to remove defects in title. It follows that Deutsche Bank was not contractually obligated to convey clear title to the property. See Arico v. Schwartz, 1992 WL 158380, *3 (Mass.App.Div. 1992) (where the purchase agreement described the foreclosure deed as one “without warranty,” the express disclaimer of any warranties of any nature, including title, negated the plaintiffs argument that the defendant was required to deliver good and clear title to the realty).
This conclusion does not leave Pehoviak without any remedy. Because Deutsche Bank did not provide Pehoviak with documentation before the scheduled closing date that there were no encumbrances on the property, and because, in fact, there were encumbrances not previously disclosed, Pehoviak justifiably refused to close on the property and is entitled to a return of his deposit. G.L.c. 244, §14 (“No purchaser at the sale shall be bound to complete the purchase if there are encumbrances, other than those named in the mortgage and included in the notice of sale, which are not stated at the sale and included in the auctioneer’s contract with the purchaser”). See also Bernstein v. Shain, 263 Mass. 188, 192 (1928) (purchaser at foreclosure sale was not bound to accept deed and complete purchase if there were encumbrances on property which are not stated in the notice of sale and/or the contract to purchase). Compare Bennett v. Sheinwald, 252 Mass. 23, 26, 29 (1925) (defendants did not breach contract to purchase real estate by declining to accept deed reciting party wall agreement, which was an encumbrance, where purchase contract required sellers to convey “clear title thereto free from encumbrances” and did not mention party wall agreement); Flier v. Rubin, 321 Mass. 464, 467-68 (1947) (where contract to convey real estate [not in foreclosure context] expressly bound defendants to convey good and clear title free from encumbrances and excused both parties from performance if the sellers were unable to convey good and clear title, purchasers were entitled to specific performance of contract if sellers could not prove the existence of a defect in title).
Commerce Bank’s negligence claim is premised upon Deutsche Bank’s failure to transfer good and sufficient title to Pehoviak. Because, as explained above, Deutsche Bank was not obligated to convey good and sufficient title to Pehoviak, Commerce Bank’s claim cannot survive summary judgment. Accordingly, Deutsche Bank is entitled to summary judgment on both Pehoviak’s breach of contract claim and on Commerce Bank’s negligence claim.
ORDER
For the foregoing reasons, if is hereby ORDERED that the Defendant Deutsche Bank National Trust Company’s Substituted Cross Motion [sic] for Summary Judgment is ALLOWED. Judgment shall enter for the defendant, Deutsche Bank National Trust Company, on the claims against it by the plaintiff, Paul Pehoviak, and by the intervener plaintiff, Commerce Bank & Trust.

The docket sheet in this action shows that on October 25, 2007, the clerk-magistrate returned to Deutsche Bank’s counsel an opposition to a motion for summary judgment because no summary judgment motion had been filed.

Deutsche Bank first gave Pehoviak a copy of the Notice of Sale it sent to the IRS and a copy of Armstrong’s waiver of statutory notice in October 2007, 18 months after the scheduled closing date for the conveyance of property. Deutsche Bank sent it to Pehoviak in an opposition to a summary judgment motion which, as just explained in the preceding footnote, was never filed with the Court.

Questions remain as to whether the IRS may have notified Deutsche Bank of the purported inadequacy of the Notice of Sale prior to the foreclosure sale and thereby preserved its Hen. The Court need not resolve these or related issues concerning the IRS’s lien and Armstrong’s attachment in order to rule on Deutsche Bank’s motion for summary judgment.